J-S87012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT ERIN DEHART, | |
| Appellant | No. 1153 MDA 2016 |

Appeal from the Judgment of Sentence June 2, 2016
in the Court of Common Pleas of Columbia County
Criminal Division at No.: CP-19-CR-0000079-2015

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:          **FILED DECEMBER 08, 2016**

Appellant, Robert Erin Dehart, appeals from the judgment of sentence imposed following his guilty plea to seven counts of sexual abuse of children by possession of child pornography.  Appellant claims his sentence violates the federal constitutional prohibition against cruel and unusual punishments and the Commonwealth constitutional prohibition against cruel punishments. We affirm.

Appellant entered a guilty plea to seven counts of sexual abuse of children (possession of child pornography) pursuant to 18 Pa.C.S.A. § 6312(d).  He had previously been convicted of possession of child pornography and sentenced under the federal criminal code.  Because this

---

[*] Retired Senior Judge assigned to the Superior Court.

was Appellant's second conviction for possession of child pornography, the trial court sentenced him to concurrent terms of not less than twenty-five years nor more than fifty years of incarceration, pursuant to 42 Pa.C.S.A. § 9718.2. This timely counseled appeal followed the denial of his petition for reconsideration of sentence.[1]

Appellant raises one question for our review:

1. [Did Appellant's] sentence under the mandatory provisions of section 9718.2 of the sentencing code violate[ ] the prohibition of cruel and unusual punishment contained in the Eighth Amendment to the United States constitution and the prohibition against "cruel punishments" contained in Article I, Section 13 of the Pennsylvania constitution[?]

(Appellant's Brief, at 6) (unnecessary capitalization omitted).

The constitutionality of a statute is a question of law. Our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Baker**, 78 A.3d 1044, 1047 n.3 (Pa. 2013).

Appellant argues that his sentence violates constitutional principles of proportionality. The issues and the arguments he raises are virtually identical to those previously raised in **Baker**, **supra**. **Baker** controls this appeal. **See id.** at 1052 (holding minimum sentence of twenty-five years' imprisonment does not lead to inference of gross disproportionality).

Judgment of sentence affirmed.

---

[1] Appellant and the trial court both complied with the provisions of Pa.R.A.P. 1925.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2016